HANNA GUSTAVSON, as Administratrix of the Estate of MARGARET GUSTAVSON, Deceased, Respondent and Appellant, *v.* SOUTHERN BOULEVARD RAILROAD COMPANY, Respondent, and SELMA S. LIPTON, Appellant and Respondent. (Action No. 1.) SELMA S. LIPTON, Appellant, *v.* SOUTHERN BOULEVARD RAILROAD COMPANY, Respondent, Impleaded with Another. (Action No. 2.)

COHN, J. (dissenting in part). Pursuant to the request of the defendant railroad, the court in substance charged that this defendant could not be liable to plaintiff Gustavson if the jury disbelieved plaintiffs' witnesses who testified that the automobile in which the deceased was riding as a passenger was standing still at the time of the impact between the trolley car and the automobile. In my opinion, such instructions constituted prejudicial error. The court in effect told the jury that there could be no recovery by Gustavson if the automobile was actually in motion when the collision occurred though the motorman of the trolley car was also negligent.

By its verdict in favor of the railroad company in the suit brought by Selma S. Lipton, who was the driver of the automobile, against the defendant railroad, the jury found that Miss Lipton was guilty of negligence; it thus refused to give credence to the testimony of plaintiffs' witnesses to the effect that the automobile was standing still when it was struck by the trolley car. Nevertheless, if permitted, the jury may still have concluded that, so far as plaintiff Gustavson was concerned, the defendant railroad was guilty of a concurring act of negligence. Ample proof was in the case from which the jury might have reached this conclusion. There was evidence that the motorman of the trolley car had his head down as he was travelling at a fast rate of speed before the impact, and that immediately after the collision he stated to a police officer that he did not know how the accident had occurred. Under proper instructions, the jury might have brought in a verdict in favor of plaintiff Gustavson against both defendants instead of finding, as it did, against only one.

The judgment in so far as it dismisses the complaint of Hanna Gustavson, as administratrix etc., against the defendant Southern Boulevard Railroad Company should be reversed and a new trial ordered, and in all other respects the judgment should be affirmed.